NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003358
29-AUG-2014
08:33 AM

NO. CAAP-13-0003358

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAVIER FERNANDEZ, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0125(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)


Defendant-Appellant Javier Fernandez (Fernandez) appeals from the Judgment entered on August 19, 2013, in the Circuit Court of the Second Circuit (Circuit Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Fernandez by felony information and non-felony complaint with second-degree assault, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(h) (Supp. 2013) (Counts 1 and 2); second-degree terroristic

---

[1] The Honorable Peter T. Cahill presided.

threatening, in violation of HRS § 707-717(1) (1993) (Count 3); and violation of an Order for Protection, in violation of HRS § 586-11 (2006 & Supp. 2013) (Counts 4, 5, and 6). The Order for Protection that Fernandez was charged with violating had been issued in favor of his wife, the Petitioner, and his three children, Child 1, Child 2, and Child 3. After a jury trial, Fernandez was found guilty of Count 5. The Circuit Court granted Fernandez's motion for judgment of acquittal as to Count 6, and the jury acquitted him of Counts 1 through 4.

On appeal, Fernandez argues that the Circuit Court committed plain error by giving the jury an instruction which "illegally amended Count 5 of the complaint" and was "misleading and confusing." The State concedes that the Circuit Court committed plain error in instructing the jury on Count 5. As explained below, we agree with the State's concession of error.

The State charged Fernandez in Count 5 with intentionally or knowingly violating the Order for Protection "by threatening or physically abusing the [P]etitioner or anyone living with the [P]etitioner, to wit [Child 1][.]" However, the Circuit Court instructed the jury that the conduct element for Count 5 was established if the jury found that Fernandez violated the Order for Protection "by contacting [Child 1] in a manner prohibited by said order for protection[.]"[2/] The State did not move to amend Count 5, nor were the requirements for amending the charge satisfied. See Hawai'i Rules of Penal Procedure Rule 7(f) (2012).

The Circuit Court's instruction permitted the jury to find Fernandez guilty of Count 5 based on conduct that was significantly different than the conduct alleged in Count 5. We conclude that the Circuit Court committed plain error in

_____

[2/] The Order for Protection prohibited Fernandez from having any contact with Child 1, except through supervised visitation and though telephone contact. It also prohibited Fernandez from threatening or physically abusing the Petitioner or anyone living with the Petitioner.

instructing the jury on Count 5. We vacate the Circuit Court's Judgment and remand the case for further proceedings.

DATED: Honolulu, Hawai'i, August 29, 2014.

On the briefs:

William H. Jameson, Jr.
Deputy Public Defender
for Defendant-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge